**IN THE UNITED STATES BANKRUPTCY COURT FOR**
**THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 11-07143** |
| | **Chapter 11** |
| **FEDERACION DE MAESTROS DE PUERTO RICO INC** | |
| **Debtor(s)** | **FILED & ENTERED ON 02/27/2014** |

**OPINION & ORDER**

Before this Court is Debtor's Motion to Turnover Property of the Estate under Section 543 [Dkt. No. 127] (hereinafter "Debtor"), creditor Asociacion de Maestros de Puerto Rico's Reply [Dkt. No. 152] (hereinafter "Asociacion"), and various motions all addressing the same controversy. By request of the parties, the court held the matter in abeyance in order for settlement discussions to take place. Those discussions have not been fruitful and so the matter is now being decided by the court.

In their Turnover Motion, Debtor requests that the court order the state court to turn over $1,074,944.00 currently held in deposit as a result of two civil suits that were filed by the Asociacion in the years 1999 and 2000. The Debtor argues that these funds, which were consigned by a defendant to the state court litigation, are property of the estate. In their Reply, the Asociacion argues that the Debtor's request must be denied because it has failed to show that the funds are in fact property of the estate, and/or that Debtor is estopped from pursuing this remedy under the doctrines of collateral estoppel and/or Rooker-Feldman. In the alternative, the Asociacion moves for an order of abstention pursuant both to 28 U.S.C. § 1334(c)(1), the permissive abstention provision, and § 1334(c)(2), the mandatory abstention provision. In turn, the Debtor argues that "orders to turn over

property of the estate" are included in 28 U.S.C. § 157(b)(2)(E) as a "core" proceeding and this matter "arises" under the Bankruptcy Code. As such, the mandatory abstention provisions of section 1334(c)(2) do not apply to this issue. Debtor further argues that discretionary abstention is not warranted here because, in sum, the analysis needed under section 1334(c)(1) favors the Debtor.

The court is not going to expound on the issue of jurisdiction inasmuch as prior opinions of this Court have covered this topic extensively. However, the distinction between "core" and "non-core" matters is determinative in the controversy at hand. Because of the constitutional limits imposed upon bankruptcy courts this discernment is vital to the exercise of jurisdiction. 28 U.S.C. § 157(b)(3).

At its essence, bankruptcy court jurisdiction exists in cases "under" the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.,* and those cases "arising under," "arising in," and "related to" title 11. 28 U.S.C. § 1334(b); 28 U.S.C. § 157(a). 28 U.S.C. § 1334(c) distinguishes between cases "arising under," "arising in" and "related to" proceedings under title 11. ""Arising under" proceedings are those cases in which the cause of action is created by Title 11." In re Middlesex Power Equipment & Marine, Inc., 292 F.3d 61, 68 (1st Cir.2002). ""Arising in" proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." Id. "Related to" proceedings are those which potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, freedom of action, or otherwise have an impact upon the handling and administration of the bankruptcy estate." Id; Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984). "Related to" jurisdiction is the most expansive component of bankruptcy jurisdiction, see 28 U.S.C. § 1334(b), but it is not boundless. See, e.g., Arnold Print Works v. Apkin, 815 F.2d 165, 167 (1st Cir.1987) (abstention from hearing non-core "related to" matters is permissive and sometimes mandatory). By its very definition, "related to"

jurisdiction only applies in non-core matters as an alternative basis of jurisdiction. It assumes that the matter does not 'arise in' the case at hand and therefore it requires some other nexus vis-a-vis the estate involved. Debtor's assertions are clear that the funding of the plan would come in large part from the funds consigned is state court.  There exists a sufficient nexus between the determination of this controversy and the administration of the estate to find that this Court has jurisdiction over this matter.

Notwithstanding the above, further analysis is required. These proceedings described above are then delineated as "core" or "non-core." The Judicial Code differentiates between core proceedings and non-core proceedings and includes a non-exhaustive list of core proceedings. See 28 U.S.C. § 157(b)(2). A core proceeding, for bankruptcy jurisdictional purposes, is an action that has as its foundation the creation, recognition, or adjudication of rights which would not exist independent of a bankruptcy environment.

The First Circuit defines non-core proceedings as "claims concerned only with state law issues that did not arise in the core bankruptcy function of adjudicating debtor-creditor rights, referring to them as 'Marathon-type suits.'" In re Arnold Print Works, Inc., 815 F.2d 167 (quoting 130 Cong. Rec. H1848 (daily ed. March 21, 1984)(statement of Representative Kindness)). Northern Pipeline Constr. Co. v. Marathon Pipeline Co., 458 U.S. 50 (1982). In Arnold, the court ruled that bankruptcy courts were empowered to finally determine suits filed by an estate representative to collect debts arising after the commencement of the bankruptcy case, but not empowered to finally determine suits relating to debts arising before commencement of the case. In re Arnold Print Works, Inc., 815 F.2d at 167. While the former was deemed to be core, the latter was deemed non-core. Id. The Arnold court reasoned that if the debtor's action could survive outside of bankruptcy, and in the absence of bankruptcy would be resolved in local court, then debtor's action relates to a pre-petition

claim arising under local law which is deemed non-core under cited case law and specifically pursuant to the Supreme Court's decision in Marathon. By definition, these actions are non-core related proceedings because they existed prior to the filing of the bankruptcy petition. In re Mec Steel Bldgs., Inc., 136 B.R. 606 (Bankr. D.P.R. 1992).

Mec Steel Bldgs involved a chapter 11 debtor who brought suit against a defendant to recover an alleged pre-petition debt, seeking a recovery of $15,500. The debtor argued that this involved administration of the estate and the turning over of property of the estate, both core proceedings under 28 U.S.C. § 157(b)(2). The court in Mec Steel Bldgs. concluded that "actions initiated in the bankruptcy court to collect prepetition account receivables are clearly non-core matters and should not be considered as matters affecting the administration of the estate, or actions for the turnover of property of the estate in order to categorize them as core." In re Mec Steel Bldgs., 136 B.R. at 609. The Court went on to hold that: "[i]f an action survive[s] outside of bankruptcy, and in the absence of bankruptcy would have been initiated in a state or district court, then it clearly involves non- core matter." Id. "To merit classification as a core proceeding within the meaning of the statute, the nexus of the counterclaim itself must be a 'core' proceeding as that term is used in Section 157(b)(1); that is to say, it must arise under or arise in a case under Title 11." In other words, a debtor's claim "does not become 'core' simply because it is technically or arguably within a given section 157(b)(2) description." In re Candalero Sand & Gravel, Inc., 66 B.R. 903, 907 (D.P.R.1986).

Debtor contends that a motion for the turnover of estate property is automatically a core proceeding because it could arise only in the context of bankruptcy. This argument elevates form over substance. The mere fact that the Bankruptcy Code provides debtors a vehicle to recover property of the estate does not make it a core proceeding. This view would so enlarge bankruptcy jurisdiction as to convert every state action involving a bankruptcy debtor into a federal matter. See

Borintex Manufacturing v. Banco Gubernamental de Fomento, 102 B.R. 8, 9 n. 1 (D.P.R.1989). Substance is more important than mere form. Flores Rivera v. Telemundo Group, 133 B.R. 674, 677 (D.P.R.1991). The controversy as to the ownership of the consigned funds is not core to the bankruptcy proceeding. Even where the action "will drastically affect both the debtor-creditor relationship and the assets of the state" it cannot be deemed a core proceeding if it arises prior to the bankruptcy filing and involves a right independent of and antecedent to the bankruptcy filing. In re Candalero Sand & Gravel, Inc., 66 B.R. at 906.

From the information provided to the court by Asociacion in their Reply, there is a legitimate dispute as to whether Debtor is entitled to the funds in question. The Turnover Motion does not, under section 157(b)(2)(B), truly involve "matters concerning the administration of the estate" of a debtor. It involves litigation to which the Debtor was a party. These kind of state law claims have been found not to fall within the categories of core proceedings. In re Castlerock Properties, 781 F.2d 159, 161–62 (9th Cir.1986). Since a resolution of this action involves a state law determination, it is a step away from a true turnover proceeding and, therefore does not constitute a core proceeding under section 157(b)(2)(E). Acolyte Elec. Corp. v. City of New York, 69 B.R. 155 (Bkrtcy.E.D.N.Y.1986). Turnover proceedings can only be considered core matters when their purpose is to collect debt rather than to create it, recognize it, or liquidate it. Id; 28 U.S.C.A. § 157(b)(2)(E).

Our analysis now turns to whether this Court should consider abstaining from this proceeding. 28 U.S.C. § 1334(c) provides for two types of abstention, mandatory and discretionary (sometimes referred to as permissive). Mandatory abstention under §1334(c)(2) provides that:

> upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, "related to" a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a

court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated in a State forum of appropriate jurisdiction.

Section 1334(c)(2) directs courts to evaluate the following factors when considering abstention:

• Is there a timely motion for abstention by a party?

• Is the proceeding based upon a state law claim or cause of action?

• Is the proceeding "related to" a case under the Bankruptcy Code, but not "arising under" or "arising in" a title 11 case?

• Is the case one that could not have been brought in federal court absent the bankruptcy proceeding?

• Is the suit capable of timely adjudication in a state court?

If all of the foregoing requirements are met, then the court must abstain. 28 U.S.C. § 1334(c)(2). "Pursuant to section 1334(c)(2), the 'district court must abstain from hearing a purely state law claim where there is no other basis for federal jurisdiction other than its relatedness to a bankruptcy proceeding (including one where the debtor is a party) and where the claim can be timely adjudicated in state court.'" In re Interamericas Turnkey Development Co., Inc., 94 B.R. 9, 13 (D.P.R. 1988), citing Matter of Candelero Sand & Gravel, Inc., 66 B.R. 903, 908 (D.P.R. 1986)(quoting State Bank of Lombard v. Chart House, 46 B.R. 468, 472 (N.D. Ill. 1985)).

Neither party contests the fact that the first criterion is met. The second factor is also satisfied, as the funds in controversy were consigned by the Puerto Rico Department of Education in a protracted law suit involving two Commonwealth agencies, and the final determination is governed exclusively by state law. The third prerequisite is the crux upon which mandatory abstention swings. Nonetheless as discussed above, the proprietary rights of Debtor over the consigned funds do not arise "under title 11" or "in the title 11 case," but are merely "related to" the title 11 case. Fourth, since neither diversity nor other basis for federal jurisdiction exists in this proceeding, it could not

have been commenced in the bankruptcy court or in the district court absent jurisdiction under section 1334. Fifth, a state court proceeding is pending and there is no indication that the state court action cannot be timely adjudicated.

Therefore, it is evident that all of the elements for mandatory abstention are present. The ownership of the consigned funds is at its most fundamental level a complex accounting function being determined by a state court appointed 'Special Commissioner.' It does not, under section 157(b)(2)(B), truly involve "matters concerning the administration of the estate" of a debtor. It involves litigation to which the Debtor was a party. Under 28 U.S.C. § 1334(c)(2), the within action could not have been commenced in a court of the United States absent jurisdiction under section 1334 and can be timely adjudicated in a state forum of appropriate jurisdiction. This Court is precluded from adjudicating this matter by statutory bounds and must therefore abstain from any further proceedings herein.

Based upon the foregoing, the Debtor's Motion to Turnover Property of the Estate under Section 543 [Dkt. No. 127] is hereby DENIED. The court abstains from determining the ownership of the $1,074,944.00 held in deposit at the state Court of First Instance.

SO ORDERED

San Juan, Puerto Rico, this 27th day of February 2014.

Brian K. Tester
U.S. Bankruptcy Judge