**IN THE UNITED STATES BANKRUPTCY COURT FOR**
**THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>**FEDERACION DE MAESTROS DE**<br>**PUERTO RICO, INC.**<br><br>**Debtor** | **CASE NO. 11-07143 BKT**<br>**Chapter11**<br><br><br><br>**FILED & ENTERED ON 5/1/2014** |

**<u>OPINION AND ORDER</u>**

Before this Court is a Motion to Alter or Amend Order pursuant to Fed. R. Civ. P. 59 and Fed. R. Bankr. P. 9023 [Dkt. No. 349] filed by Debtor, Federación de Maestros de Puerto Rico ("Debtor" or "Federación"), an opposition to said motion [Dkt. No. 354] filed by multiple creditors collectively known as Asociación de Maestros de Puerto Rico ("Creditor" or "Asociación"), and a response to the opposition filed by Debtor [Dkt. No. 359]. For the reasons set forth below, Debtor's Motion to Alter or Amend Judgment is DENIED.

**I.      Factual Background**

The motion before the court stems from the Debtor's denied turnover motion [Dkt. No. 127]. There is an ongoing civil dispute before the state court over funds owed to the Creditor's members. Given this dispute, $1,074,944.00 were consigned(the "Consigned Funds") with the state court. In its turnover motion, the Debtor argued that these funds are property of the bankruptcy estate. After careful consideration of the parties' positions, the court denied Debtor's turnover motion and held that it is precluded from adjudicating the ownership controversy over the Consigned Funds.  The court reasoned that the determination of ownership is at its most fundamental level a complex accounting function that should be determined by the state court. In no way does it involve matters

concerning the administration of a debtor's estate. Therefore, on February 27, 2014, the court issued an order denying the Debtor's Motion to Turnover Property, and abstaining from determining the ownership of the Consigned Funds.

On March 13, 2014, Debtor filed its Motion to Alter or Amend the aforementioned Opinion and Order. The Debtor argues that because monies have already been distributed by the Department of Education to the Creditor's members, the matter of ownership is moot. As a result, the Debtor argues that the court's February 27, 2014 order constitutes manifest error, should be vacated, and requests the granting of its motion to turn over the Consigned Funds.

The Creditor responds to the motion by arguing that the Debtor's mootness argument is without merit. While many of the Creditor's members have received their portion of the monies owed, the Creditor notes that many have not. Additionally, Creditor argues that regardless of whether the monies owed have been appropriately distributed, the controversy is not moot as long as the Debtor claims ownership over said Consigned Funds.

## II. Standard of Review

The granting of a motion pursuant to Fed. R. Civ. P. 59(e)is "an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (citing 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed.1995)).Trial courts enjoy "considerable discretion in deciding whether to grant or deny a motion to alter or amend under Fed.R.Civ.P. 59(e)."In re Diaz Cruz, 10-11393 ESL, 2013 WL 3153993 (Bankr.D.P.R. 2013)."Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously

advanced and rejected."Palmer, 465 F.3d at 30 (citing In re Sun Pipe Line Co., 831 F.2d 22, 24–25 (1st Cir.1987)).

A Motion to Alter or Amend Judgment is not a tool for initial consideration, rather it is meant for *re* consideration. Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 72 (1st Cir. 2003) (citing Jorge Rivera Surillo& Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir.1994)). In other words, it is not a tool for the losing party to present new legal arguments that it should have previously raised. Rosario-Mendez v. Hewlett Packard Caribe, 660 F. Supp. 2d 229, 232 (D.P.R. 2009) (citing Villanueva-Mendez v. Nieves Vazquez, 360 F. Supp. 2d 320, 323 (D.P.R. 2005) aff'd sub nom.Villanueva-Mendez v. Nieves-Vazquez, 440 F.3d 11 (1st Cir. 2006)). Unless newly discovered evidence is presented, motions under Fed. R. Civ. P. 59(e) must clearly establish a manifest error of law. F.D.I.C. v. World U. Inc., 978 F.2d 10, 16 (1st Cir. 1992) (citing F.D.I.C . v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). As a result, a motion to alter or amend judgment will be denied unless the moving party presents controlling jurisprudence that the court overlooked and may reasonably be expected to amend or alter its conclusion. Est. of Rivera v. Dr. Susoni Hosp., Inc., 323 F. Supp. 2d 262, 265 (D.P.R. 2004) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2nd Cir.1995)).

### III. Legal Analysis and Discussion

The Debtor bases its argument on the allegation that the matter before the state court is moot, because the Creditor's claim has allegedly been satisfied. In essence, Debtor is putting forward a new legal argument as to why the court should grant its turnover motion. A motion to alter or amend judgment is not a tool to "raise new legal theories that should have been raised earlier." Natl. Metal Finishing Co., Inc. v. BarclaysAmerican/Com., Inc., 899 F.2d 119, 123 (1st Cir. 1990) (citing

Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir.1986)). The Debtor argues, somewhat perplexedly, that the court's February 27, 2014 Opinion and Order constitutes manifest error, should be vacated, and requests the granting of its motion to turn over the Consigned Funds. It appears that Debtor is attempting to veil an objection to Creditor's various claims. However, a motion to alter or amend judgment is not the appropriate mechanism to do so.

Regardless of the aforementioned, it was Debtor's responsibility to flesh out its legal arguments before the court denied its turnover motion. TMTV, Corp. v. Mass Productions, Inc., 853 F. Supp. 2d 208, 213 (D.P.R. 2012)(citing United States v. Zannino, 895 F.2d 1, 17 (1st Cir.1990) [concluding that where issues have been "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, [they] are deemed waived"]). Motions pursuant to Fed. R. Civ. P. 59(e) must either present newly discovered evidence or clearly establish a manifest error of law. World U. Inc., 978 F.2d at 16. The Debtor has not presented any controlling jurisprudence that the court overlooked, and thus is not entitled to reconsideration pursuant to Fed.R.Civ.P. 59 or Fed. R.Bankr.P. 9023.

**IV.    Conclusion**

WHEREFORE, IT IS ORDERED that theMotion to Alter or Amend Judgment filed by Debtor shall be, and it hereby is, DENIED.

In San Juan, Puerto Rico this 1st day of May, 2014.

Brian K. Tester
U.S. Bankruptcy Judge